IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT GARDNER,<br>        **Plaintiff,**<br><br>v.<br><br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY<br>(SEPTA),<br>        **Defendant.** | CIVIL ACTION<br><br><br><br>NO.  20-6045 |

DuBOIS, J.                                                                                                  August 3, 2021

**M E M O R A N D U M**

### I. INTRODUCTION

This is an employment discrimination case.  Plaintiff Robert Gardner claims that his employer, defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"), discriminated against him based on his sex and disability and retaliated against him after he complained of disability-based discrimination.

Presently before the Court is defendant's Motion to Dismiss Plaintiff's Amended Complaint.  For the reasons set forth below, the Motion is granted in part and denied in part.

### II. BACKGROUND

The facts as alleged in the Amended Complaint, accepted as true for purposes of this Motion, are summarized as follows:

**A. Plaintiff's Experience**

Plaintiff served in the United States Army from September 1999 through November 2001.  Am. Compl. ¶ 10.  While in the Army, plaintiff was diagnosed with post-traumatic stress disorder ("PTSD"), major depression, photophobia, and sensitivity to light.  *Id*. ¶ 11.

Defendant employed plaintiff as a Bus Operator beginning in January 2014.  *Id.* ¶ 8. After working as a Bus Operator, plaintiff obtained "Light Rail experience" by working for defendant as a Rail Transportation Manager.  *Id.* ¶ 27.  Thereafter, in June 2018, plaintiff was promoted to Control Center Manager in defendant's Bus division.  *Id.* ¶ 14.  As of the date the Amended Complaint was filed, plaintiff remained employed by defendant in that position.  *Id.*

### B.  Plaintiff's Request for Accommodation

On September 21, 2018, while working as Control Center Manager in defendant's Bus division, plaintiff asked defendant to accommodate his PTSD by modifying "his work station [to be] equipped with a headset that would help block out extraneous noise . . . ."  *Id.* ¶ 15.  On October 10, 2018, defendant's Equal Employment Opportunity ("EEO") Department approved that request.  *Id.* ¶ 16.

### C.  Plaintiff's First Interview for Light Rail Control Center Manager

Plaintiff interviewed for the position of Control Center Manager in defendant's Light Rail division on two occasions.  That position had a higher pay scale than plaintiff's job as Control Center Manager in defendant's Bus division.  *Id.* ¶ 22.

Plaintiff first interviewed for that position on December 14, 2018.  *Id.*  During the interview, defendant's hiring manager, Lee Roberts, told plaintiff "that if selected a candidate could not be out from work unless they had a coroner's note."  *Id.* ¶ 23.  At the time of the interview, Mr. Roberts knew that defendant had approved an accommodation for plaintiff's disabilities.  *Id.* ¶ 24.

On or around January 5, 2019, defendant selected a female employee for the position of Light Rail Control Center Manager, Nicole Richardson, instead of plaintiff.  *Id.* ¶ 25.  Plaintiff claims that he was more qualified than Ms. Richardson for the position—she had "no experience as a Control Center Manager and no Light Rail experience."  *Id.* ¶ 27.  On January 27, 2019,

plaintiff complained to defendant's EEO Department about defendant's failure to promote him to Light Rail Control Center Manager. According to plaintiff, that failure to promote was based on "his gender, disability and prior EEO activities." *Id.* ¶ 28. The Court notes that plaintiff has not made any claim in this case for the failure to promote on January 5, 2019.

### D. Defendant Promotes Two Male Employees

In July 2019, defendant promoted a male employee, Horace Smith, to Light Rail Control Center Manager. *Id*. ¶ 29. Plaintiff claims Mr. Smith was "less qualified as compared to [him] for this position." *Id*. ¶ 27. Kevin Strong, another male employee, held the position of Light Rail Control Center Manager in or around October 2019, and was subsequently promoted to Assistant Director. *Id*. ¶ 30.

### E. Denial of Overtime Work

Although plaintiff's supervisor, Michaeleen Benson, "was made aware of [plaintiff's] disability and the approved modification of [his] work station," she refused to allow plaintiff to use his modified station for overtime work. *Id*. ¶¶ 17, 18. From March 24, 2019 through June 20, 2019, Ms. Benson "demanded that for over-time duties [plaintiff] should work out of a different work station." *Id*. ¶ 18. As a result, plaintiff "was denied over time work" and "lost considerable income." *Id*. ¶¶ 19, 20.

On January 21, 2020, after he was denied overtime work, plaintiff filed a charge of disability discrimination and retaliation against defendant with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). *Id*. ¶ 4.

### F. Prior Complaints

Prior to the filing of his charge of discrimination and retaliation with the EEOC and PHRC on January 21, 2020, plaintiff lodged external complaints of disability discrimination against defendant.

On October 1, 2015, plaintiff filed a charge of disability discrimination against defendant with the EEOC and PHRC. *Id.* ¶ 12. On October 10, 2017, plaintiff filed a separate case against SEPTA in this district—*Gardner v. SEPTA*, Civil Action No. 17-4476, a case assigned to Judge Chad F. Kenney—alleging that SEPTA "subjected [him] to disability discrimination and fail[ed] to accommodate his disability." *Id.* ¶ 13. On October 17, 2019, Judge Kenney granted summary judgment in favor of SEPTA, concluding, *inter alia*, plaintiff had not "made out a *prima facie* case of discrimination under the ADA." 410 F. Supp. 3d 723, 746 (E.D. Pa. 2019). On August 18, 2020, the United States Court of Appeals for the Third Circuit affirmed Judge Kenney's ruling. 824 F. App'x 100 (3d Cir. 2020).

### G. Plaintiff's Second Interview for Light Rail Control Center Manager

In August 2020, plaintiff again interviewed for the position of Light Rail Control Center Manager. Am. Compl. ¶ 32. Later that month, defendant selected a female employee for the position, Denise Singleton, instead of plaintiff. *Id*. Ms. Singleton had "no Control Center Manager experience, no Light Rail experience and no management experience." *Id*. As stated *supra*, plaintiff has Control Center Manager and Light Rail experience.

### H. The Present Action

Plaintiff filed an Amended Complaint on December 18, 2020. Plaintiff asserts the following claims in the Amended Complaint:

- Defendant "failed to accommodate [his] disabilities by denying him over-time duties," in violation of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA");

4

- Defendant discriminated against plaintiff based on his disability and sex by denying him the position of Light Rail Control Center Manager, in violation of the ADA, PHRA, and Title VII of the Civil Rights Act of 1964 ("Title VII"); and

- As a result of plaintiff's complaints of disability discrimination, defendant "subjected [him] to retaliatory actions by denying him over-time duties and denying him the Control Center Manager – Light Rail position," in violation of the ADA and PHRA.

On February 19, 2021, defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff filed a response on February 26, 2021, and defendant filed a reply on March 8, 2021. The Motion is ripe for decision.

### III. LEGAL STANDARD

The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. *Liou v. Le Reve Rittenhouse Spa, LLC*, No. 18-5279, 2019 WL 1405846, at *2 (E.D. Pa. Mar. 28, 2019) (DuBois, J.). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing the plausibility of a plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff[']s complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.* at 680.

### IV. DISCUSSION

In the Motion, defendant argues that (1) plaintiff's claims for retaliation and failure to accommodate based on denial of overtime work are time-barred; (2) plaintiff has failed to state a

5

claim for retaliation based on the failure to promote him to Light Rail Control Center Manager; and (3) plaintiff has failed to state a claim of sex discrimination. The Court considers each argument in turn.

### A. Statute of Limitations Under ADA and PHRA

Under the ADA, a plaintiff must file a charge with the EEOC within 300 days of "the alleged unlawful employment practice" to preserve his claim. *See* 42 U.S.C. § 2000e-5(e). The statute of limitations under the PHRA is shorter—a plaintiff must file a charge with the PHRC within 180 days of "the alleged act of discrimination" to preserve his claim under the PHRA. *See* 43 Pa. Stat. § 959(h).

Defendant argues that plaintiff's claims for retaliation and failure to accommodate based on denial of overtime work in 2019 are time-barred. Plaintiff alleges that defendant engaged in retaliation and a failure to accommodate "by denying him over-time duties" from March 24, 2019 through June 20, 2019. With respect to that alleged denial of overtime work, plaintiff did not file a charge with the EEOC and PHRC until January 21, 2020—303 days after the denial of overtime work allegedly began.

#### 1. Statute of Limitations Under PHRA

As discussed *supra*, the PHRA "requires a plaintiff to file a complaint with the [PHRC] within 180 days of the alleged discriminatory conduct." *Koller v. Abington Mem'l Hosp.*, 251 F. Supp. 3d 861, 864 (E.D. Pa. 2017) (citing 43 Pa. Stat. § 959(h)).

Plaintiff does not dispute that his claims for retaliation and failure to accommodate based on denial of overtime work are barred by the PHRA's 180-day statute of limitations. Accordingly, defendant's Motion is granted to the extent it seeks dismissal of plaintiff's claims under the PHRA for retaliation and failure to accommodate based on denial of overtime work.

2. <u>Statute of Limitations Under ADA</u>

Plaintiff argues that his claims for retaliation and failure to accommodate based on denial of overtime work are not barred by the ADA's 300-day statute of limitations. He contends that the Lilly Ledbetter Fair Pay Act of 2009 ("FPA") amended the ADA to provide that the ADA's 300-day "clock" does not start until the "pay date" for the "pay period" for which defendant first denied him overtime work. It is plaintiff's position that defendant first denied him overtime work on March 24, 2019. He claims that the pay date for the pay period starting on that date was April 12, 2019—284 days before plaintiff filed his charge of discrimination with the EEOC.

The FPA amended the ADA and provides, in relevant part, as follows:

> An unlawful employment practice occurs, with respect to discrimination in compensation . . . when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e-5(e)(3)(A). "[T]he FPA was enacted to address a particular type of employment discrimination, compensation decisions, which are often concealed and not discovered until long after . . . [the] 300-day administrative period expires." *Noel v. Boeing Co.*, 622 F.3d 266, 274 (3d Cir. 2010). The FPA covers only wage discrimination. *Aubrey v. City of Bethlehem*, 466 F. App'x 88, 94 (3d Cir. 2012) (non-precedential).

The Amended Complaint does not include any allegations of wage discrimination. Rather, plaintiff's allegation that he was denied overtime work is based on "other discrete employment decisions"—a failure to accommodate and a retaliatory failure to promote. The FPA therefore does not apply to those claims. *Noel*, 622 F.3d at 274 ("[T]he FPA does not apply to failure-to-promote claims."); *Leonard v. SEPTA*, No. 20-2033, 2021 WL 229397, at *6 (E.D. Pa. Jan. 22, 2021) ("[T]he FPA cannot save [plaintiff's] time barred failure to accommodate

claim.").[1] Accordingly, defendant's Motion is granted to the extent it seeks dismissal of plaintiff's ADA claims for retaliation and failure to accommodate based on denial of overtime work.

### B. Retaliatory Failure to Promote Under ADA and PHRA in August 2020

Defendant argues that plaintiff has failed to state a claim for retaliation under the ADA and PHRA based on the failure to promote him to Light Rail Control Center Manager in August 2020.

To state a claim for retaliation under the ADA or PHRA, a plaintiff must allege: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Shaner v. Synthes (USA)*, 204 F.3d 494, 500 (3d Cir. 2000); *Rubano v. Farrell Area Sch. Dist.*, 991 F. Supp. 2d 678, 704 (W.D. Pa. 2014) (retaliation claims under the ADA and PHRA are analyzed under the same standard).

Defendant does not dispute that plaintiff has alleged protected activity—e.g., on January 21, 2020, plaintiff filed a charge of disability discrimination and retaliation against defendant with the EEOC and PHRC—and an adverse action by defendant—failure to promote—after protected activity. Therefore, the Court must consider whether has plaintiff adequately alleged the remaining element of a retaliation claim under the ADA and PHRA—i.e., a "causal connection" between his protected activity and his employer's adverse action. *Shaner*, 204 F.3d at 500.

---

[1] Plaintiff also argues that his ADA claims for retaliation and failure to accommodate based on denial of overtime work are not time-barred because the FPA provides that "each pay period [that he] was subjected to disability discriminat[ion]" constitutes a separate claim and "starts a new clock for filing charges with the EEOC." Pl.'s Resp. at 9. The Court rejects that argument. As discussed *supra*, the FPA is inapplicable in this case.

"A causation analysis often, but not exclusively, rests on two key factors: '(1) the temporal proximity between the protected activity and the alleged retaliation and (2) the existence of any pattern of antagonism in the intervening period.'" *Kortyna v. Lafayette College*, No. 15-4625, 2017 WL 1134129, at *18 (E.D. Pa. Mar. 27, 2017) (quoting *Jensen v. Potter*, 435 F.3d 444, 450 (3d Cir. 2006)). In the absence of an unusually suggestive temporal proximity or a pattern of antagonism in the intervening period, courts consider the plaintiff's allegations "as a whole to determine whether [they] may suffice to raise the inference of causation." *Id*.

Plaintiff alleges that, because he complained of disability discrimination to defendant and others, including the EEOC and PHRC, defendant retaliated against him by failing to promote him to Light Rail Control Center Manager in August 2020. The Amended Complaint contains no allegations of protected activity occurring after January 21, 2020, approximately nine months before the alleged retaliation in August 2020. Further, plaintiff does not allege any "antagonism" by defendant during the intervening period between January 2020 and August 2020. Finally, the Amended Complaint does not include any allegations about plaintiff's protected activity from which the Court could infer a connection between that activity and the alleged retaliation.

For the foregoing reasons, the Court concludes that plaintiff has not adequately alleged a causal connection between his protected activity and defendant's failure to promote him to Light Rail Control Center Manager in August 2020. Accordingly, defendant's Motion is granted to the extent it seeks dismissal of plaintiff's retaliation claims under the ADA and PHRA based on the failure to promote him to Light Rail Control Center Manager in August 2020.

### C. Sex Discrimination Under Title VII

Defendant argues that plaintiff has failed to state a claim of sex discrimination under Title VII based on the failure to promote him to Light Rail Control Center Manager in August 2020.

Title VII provides that an employer shall not "discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Title VII applies to claims of "reverse discrimination"—e.g., a claim that a male has suffered discrimination based on sex.  *Iadimarco v. Runyon*, 190 F.3d 151, 158 (3d Cir. 1999).  To state a claim for "reverse discrimination" under Title VII, a plaintiff must allege: (1) he is qualified; (2) he suffered an adverse employment action; and (3) the circumstances of the adverse employment action raise an inference of discrimination.  *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 517 (E.D. Pa. 2012).

Defendant does not dispute that plaintiff has alleged (1) he is qualified for a Light Rail Control Center Manager position, and (2) he suffered an adverse employment action when defendant failed to promote him to that position in August 2020.  Thus, the Court must consider whether plaintiff has adequately alleged the remaining element of a "reverse discrimination" claim under Title VII—i.e., the circumstances of the adverse action raise an inference of discrimination.

"Common circumstances giving rise to an inference of unlawful discrimination include . . . the more favorable treatment of similarly situated colleagues outside of the relevant class." *Bullock v. Children's Hosp.*, 71 F. Supp. 2d 482, 487 (E.D. Pa. 1999).

Plaintiff alleges that he interviewed for a Light Rail Control Center Manager position in August 2020.  He claims that, instead of selecting him for that position, defendant promoted a female employee, Denise Singleton, who "had no Control Center Manager experience" and "no Light Rail experience."  Am. Compl. ¶ 32.  He further alleges that the same thing happened to him in January 2019, when defendant promoted a "less qualified" female employee to that position.  Specifically, plaintiff states that defendant promoted Nicole Richardson at that time notwithstanding the fact that she had "no experience as a Control Center Manager and no Light

10

Rail experience." *Id.* ¶ 27.  In contrast, plaintiff asserts that he has Control Center Manager and Light Rail experience.

Based on the foregoing allegations, and notwithstanding the fact that defendant promoted two male employees in 2019, Horace Smith and Kevin Strong, the Court concludes that plaintiff has adequately alleged that defendant's failure to promote him to Light Rail Control Center Manager in August 2020 raises an inference of discrimination based on sex.  Accordingly, defendant's Motion is denied to the extent it seeks dismissal of plaintiff's claim of sex discrimination under Title VII based on the failure to promote him to Light Rail Control Center Manager in August 2020.

### D.  Futility of Amendment

Although Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave [to amend] when justice so requires," the Court may deny leave for good reason, including futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, the Court concludes that further amendment would be futile as to plaintiff's claims under the ADA and PHRA for: (1) retaliation and failure to accommodate based on denial of overtime work because those claims are clearly time-barred; and (2) retaliation based on the failure to promote him to Light Rail Control Center Manager because of the absence of causation.  Therefore, the Court dismisses those claims with prejudice.

### E.  Failure to Promote Based on Disability in August 2020

Finally, the Court notes that defendant's Motion does not address plaintiff's claim under the ADA and PHRA that defendant discriminated against him based on his disability when it failed to promote him to Light Rail Control Center Manager in August 2020.  Therefore, the Court does not address that claim in this Memorandum.

V.     CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Amended Complaint is granted in part and denied in part. The Motion is granted as time-barred to the extent it seeks dismissal with prejudice of plaintiff's claims under the ADA and PHRA for retaliation and failure to accommodate based on denial of overtime work. The Motion is also granted to the extent it seeks dismissal with prejudice of plaintiff's claims under the ADA and PHRA for retaliation based on the failure to promote him to Light Rail Control Center Manager because of the absence of causation. The Motion is denied in all other respects.

Plaintiff's remaining claims are as follows: claims for disability discrimination under the ADA and PHRA and a claim for sex discrimination under Title VII, all of which are based on defendant's failure to promote him to Light Rail Control Center Manager in August 2020.

An appropriate order follows.